```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Abraham Denkins,                  :

        Plaintiff,         :   Case No.  2:13-cv-584

   v.                             :

Gary Mohr, et al.,                :   JUDGE ALGENON L. MARBLEY
                                                Magistrate Judge Kemp

        Defendant.         :

### REPORT AND RECOMMENDATION

     Plaintiff Abraham Denkins, a state prisoner currently incarcerated at the Madison Correctional Institution, filed this action pursuant to 42 U.S.C. §1983 alleging various constitutional violations arising from a use-of-force incident on November 17, 2012.  The complaint names as defendants the three corrections officers allegedly involved in the incident, Warden Rod Johnson and Director Gary Mohr.  Warden Johnson and Director Mohr have filed a motion to dismiss.  Mr. Denkins has not filed a response despite having been directed to by the Court.  For the following reasons, it will be recommended that the motion to dismiss be granted.

### I.  Legal Standard

    Fed.R.Civ.P. 12(b)(6) provides that the Court may, upon motion, dismiss a claim for relief asserted in any pleading for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 8(a) requires the party pleading a claim for relief to make a "short and plain statement of the claim showing that the pleader is entitled to relief."  When evaluating such a claim in the context of a Rule 12(b)(6) motion, the Court must ordinarily accept as true all of the well-pleaded factual allegations of the complaint.  However, Rule 8(a) has been interpreted to require that the pleader allege "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...." Bell Atlantic v. Twombley, 550 U.S. 544, 555 (2007). Moreover, the factual allegations themselves "must be enough to raise a right to relief above the speculative level ...." Id.

Twombley established a test of "facial plausibility," replacing the prior standard, announced in Conley v. Gibson, 355 U.S. 41 (1957), under which a complaint was able to withstand a motion to dismiss if there were any possibility that the pleader could prove a viable claim for relief. Expanding upon Twombley's "facial plausibility" test, the Supreme Court, in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal reiterated the principle that legal conclusions, couched as factual allegations, need not be accepted as true, and that the mere recital "of the elements of a cause of action, supported by mere conclusory statements," cannot save a claim from dismissal under Rule 12(b)(6). Id. at 1950. Further, Iqbal allows the reviewing court "to draw on its judicial experience and common sense" when deciding if it is plausible that the pleader can, based on the facts alleged, obtain any relief. Id. It is still true, however, that pro se complaints are construed liberally in favor of the pleader, even though they, too, must satisfy the "facial plausibility" standard articulated in Twombley. See Haines v. Kerner, 404 U.S. 519 (1972); Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010); see also Erickson v. Pardus, 551 U.S. 89 (2007). It is with these standards in mind that the instant motion will be decided.

## II. Analysis

In the motion to dismiss, Warden Johnson and Director Mohr

raise two issues. First, these defendants argue that the complaint fails to include any factual allegations relating to their involvement in any violation of Mr. Denkins' constitutional rights. Further, they argue that, to the extent Mr. Denkins seeks to hold them liable under the doctrine of respondeat superior, this doctrine does not apply in §1983 actions to impute liability to supervisory officials.

The Court's review of the complaint reveals that defendants are correct in their assertion that the factual allegations of the complaint do not address their involvement in any violation of Mr. Denkins' constitutional rights. Rather, as defendants note, the only references to them in the complaint are their names in the caption and their addresses on the second page.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pro se complaints, while construed liberally, are required to provide defendants with fair notice of the basis for the claims. See Brown v. Matauszak, 415 Fed. Appx. 608, 613 (6th Cir.2011); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint merely naming a person as a defendant without alleging how the named defendant was involved in any constitutional violation is subject to dismissal. See Gilmore v. Corrections Corp. of America, 92 Fed. Appx. 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983."); Frazier v. Michigan, 41 Fed. Appx. 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); see also Potter v. Clark, 497 F.2d 1206, 1207 (7th

Cir.1974) ("Where a complaint ... is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given to pro se complaints").  Because Mr. Denkins has not alleged any specific conduct involving these Defendants, the complaint does not meet the minimal pleading standards of Fed.R.Civ.P. 8.  Consequently, the Court will recommend dismissal of the claims against Director Mohr and Warden Johnson for failure to state a claim upon which relief may be granted.

    Further, the Court agrees with defendants that, to the extent Mr. Denkins' complaint could be construed as relying on the theory of respondeat superior as a basis for liability, the claims against them still are subject to dismissal.  Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of respondeat superior, are necessary in order to hold an individual defendant liable under §1983.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).  Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. §1983 cannot rest on such a claim.  Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted.  <u>See also</u> <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984).  This rule holds true even if the supervisor has actual knowledge of the constitutional violation as long as the supervisor did not actually participate in or encourage the wrongful behavior.  <u>See</u> <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under

§1983 for failing to respond to grievances which alert them of unconstitutional actions); see also Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act").  Because, as set forth above, the complaint contains no allegations from which the Court could conclude that Director Mohr and Warden Johnson have been named as defendants for any reason other than their supervisory positions, the Court will recommend granting their motion to dismiss.

### III.  Recommended Disposition

For the reasons set forth above, it is recommended that the motion to dismiss (Doc. #16) be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

<pre>
                              /s/Terence P. Kemp
                              United States Magistrate Judge
</pre>