```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Abraham Denkins,                  :

        Plaintiff,         :       Case No.  2:13-cv-584

   v.                             :

Gary Mohr, et al.,                :       JUDGE ALGENON L. MARBLEY
                                                     Magistrate Judge Kemp

        Defendant.         :

<u>REPORT AND RECOMMENDATION</u>
<u>AND ORDER</u>

    Plaintiff, Abraham Denkins, a state prisoner currently incarcerated in the Madison Correctional Institution, filed this 42 U.S.C. §1983 action alleging various constitutional violations arising from a use-of-force incident on November 17, 2012. Currently before the Court are Mr. Denkins' motions for a temporary restraining order (Doc. 23) and for discovery (Doc. 27). Also before the Court are defendants' motions for summary judgment (Doc. 30), to strike (Doc. 32), and to stay (Doc. 33). Mr. Denkins has also sent a letter to the Court requesting that it issue an order allowing him to receive medical treatment outside of the prison (Doc. 34).

    For the reasons set forth below, the Court will recommend that the motion for temporary restraining order (Doc. 23) and the letter seeking an order allowing medical treatment at an outside facility (Doc. 34) be denied. Further, the Court will recommend that the motion for summary judgment (Doc. 30) be granted. The motion for discovery (Doc. 27) will be denied, and the motion to strike will be granted (Doc. 32). The motion to stay (Doc. 33) will be denied without prejudice to the defendants' ability to seek leave to file a motion for summary judgment after the deadline imposed in this Court's scheduling order if the Court

declines to adopt this report and recommendation on the motion for summary judgment.

## I. Motion for Temporary Restraining Order

In his motion for a temporary restraining order, Mr. Denkins has asked for an order precluding Officer Weaver "from any further harassment and/or retaliation due to the fact that plaintiff have [sic] a civil action against said defendant." (Doc. 23 at 1).  Officer Weaver opposes the motion, arguing that Mr. Denkins has not demonstrated a strong likelihood of success on the merits or that he will suffer irreparable harm.  (Doc. 31 at 1).  Mr. Denkins did not file a reply brief, and the motion is now ripe for decision.

When the Court considers whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a), it is required to weigh four factors.  Those factors are: (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest.  See Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994).  No one factor is dispositive.  Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue.  In re Delorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985).  These same factors are to be considered with respect to a temporary restraining order under Fed. R. Civ. P. 65(b).  See, e.g., Northeast Ohio Coal. for Homeless and Serv. Emp. Intern. Union, Local 1199 v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006).

-2-

The Court finds that the relevant factors weigh in favor of denying the motion. As set forth below, this Court will recommend granting the motion for summary judgment filed by Officer Avery, Officer Toops, and Officer Weaver (Doc. 30) because Mr. Denkins did not exhaust his administrative remedies as required by the Prison Ligation Reform Act ("PLRA"). In addition, Mr. Denkins fails to demonstrate that he will suffer harm if the requested relief is not granted. Mr. Denkins speculates about the possibility that Officer Weaver may place him in isolation and argues that a conduct report issued nearly seven months after he filed his complaint is retaliation. Any claim of retaliation is unrelated to the use-of-force claim set forth in the complaint, see Thomas v. Croft, 2010 WL 4809227, *1 (S.D. Ohio Nov. 18, 2010), and neither of these arguments support a finding that Mr. Denkins will suffer injury if the requested relief is not granted. See Fieger v. Michigan Supreme Court, 553 F.3d 955, 966 (6th Cir. 2009)("where the threat of repeated injury is speculative or tenuous, there is no standing to seek injunctive relief"), quoting Grendell v. Ohio Supreme Court, 252 F.3d 828, 833 (6th Cir. 2001). Accordingly, the Court will recommend that the motion for a temporary restraining order (Doc. 23) be denied.

## II. Motion for Discovery

The Court now turns to the motion for discovery (Doc. 27) filed by Mr. Denkins. Officer Avery, Officer Toops, and Officer Weaver move to strike the motion (Doc. 32), arguing that the motion, which seeks production of documents and tangible things as well as identification of witnesses, is not a motion but a discovery request. This Court agrees. Absent certain circumstances not present here, Fed. R. Civ. P. 5(d) does not permit the filing of discovery requests. That rule provides, in pertinent part, that requests for documents and tangible things

"must not be filed until they are used in the proceeding or the court orders filing ...." Consequently, the motion to strike (Doc. 32) will be granted and the motion for discovery (Doc. 27) will be stricken.

### III. Motion for Summary Judgment

In the motion for summary judgment, Officer Avery, Officer Toops, and Officer Weaver argue that Mr. Denkins did not exhaust his administrative remedies as required by the PLRA. The PLRA prohibits an inmate from bringing an action under 42 U.S.C. §1983 until his administrative remedies are exhausted. See 42 U.S.C. §1997e(a). As the Court of Appeals observed, "[t]he point of the PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010), quoting Woodford v. Ngo, 548 U.S. 81, 94-95 (2006).

The PLRA's exhaustion requirement requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules...." Woodford, 548 U.S. at 88. "[P]roper exhaustion of administrative remedies ... means using all the steps the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Id. at 90 (citation and quotation marks omitted). When a prisoner makes affirmative efforts to comply with the administrative grievance process but does not succeed, the question is "whether those 'efforts to exhaust were sufficient under the circumstances.'" Risher v. Lappin, 639 F.3d 236, 240 (6th Cir. 2011), quoting Napier v. Laurel County, 636 F.3d 218, 224 (6th Cir. 2011).

Under Ohio Administrative Code 5120-9-31, the inmate grievance procedure is comprised of three consecutive steps designed to address inmate complaints related to any aspect of

-4-

the institutional life that directly and personally affects them. Ohio Admin. Code §5120-9-31(K).  The three-step process includes (1) filing an informal complaint to the direct supervisor of the staff member or department most directly responsible; (2) filing a notification of grievance with the inspector of institutional services; and (3) filing an appeal of the disposition of grievance with the office of the chief inspector.  Ohio Admin. Code §5120-9-31(K)(1)-(3).

In the motion for summary judgment, Officer Avery, Officer Toops, and Officer Weaver state that, although Mr Denkins "filed two informal complaints against Defendant Weaver and three (3) other unidentified corrections officers regarding this use-of-force incident, he did not appeal either of these informal complaints through the second and third steps of the grievance procedure."  (Doc. 30 at 2).  Officer Avery, Officer Toops, and Officer Weaver argue that, because Mr. Denkins did not file any grievances with the institutional inspector or any grievance appeals with the office of the chief inspector, Mr. Denkins failed to exhaust his administrative remedies.  Id. at 2-3.  This Court agrees.

The Court has thoroughly reviewed the record in this case, including the affidavit of Antonio Lee, an Assistant Chief Inspector with the Office of the Chief Inspector, which indicates that Mr. Denkins did not file a notification of grievance or a grievance appeal of either of the informal complaints relevant to this action.  (Doc. 30, Ex. 1 at ¶12).  Mr. Denkins bears the burden of demonstrating that he has exhausted his administrative remedies pursuant to 42 U.S.C. §1997e(a) as amended by the PLRA. Marcum v. Jones, 2006 WL 543714, *4 (S.D. Ohio Mar. 3, 2006). Mr. Denkins has not filed any opposition to the motion for summary judgment, and he has not otherwise satisfied that burden. Consequently, the Court will recommend that the motion for

summary judgment be granted (Doc. 30), and that the complaint against Officer Avery, Officer Toops, and Officer Weaver be dismissed without prejudice for failure to comply with the exhaustion requirement.  Further, the motion to stay the summary judgment deadline pending resolution of the instant motion for summary judgment filed by Officer Avery, Officer Toops, and Officer Weaver (Doc. 33) will be denied without prejudice to those defendants' ability to seek leave to file a motion for summary judgment after the Court-imposed deadline if the Court declines to adopt this report and recommendation.

### IV. Letter Requesting Court Order

Finally, also before the Court is a letter from Mr. Denkins requesting that the Court issue an order allowing him to receive medical treatment outside of the prison.  (Doc. 34).  Even if the Court were to construe the letter broadly as a motion for injunctive relief, the Court would recommend denying the motion. As an initial matter, the issue raised in the letter is unrelated to the claim in this lawsuit.  As noted above, the complaint alleges unnecessary use of force, whereas the letter seems to suggest inadequate medical care.  Although Mr. Denkins alleges that his need for medical care arose when he was slammed to the ground by corrections officers, he has not established a "relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Croft, 2010 WL 4809227, *1.  Looking to the substance of the letter, the Court also notes that, although Mr. Denkins has an Eighth Amendment right to adequate medical care while he is in custody, that right does not does not "include a ... right to seek medical care outside the prison facility." Ogrod v. United States, 2007 WL 2319766, *2 (E.D. Pa. Aug. 10, 2007).  Hence, to the extent that the letter (Doc. 34) may be considered a motion, the Court will recommend that it be denied.

## V. Conclusion

Based upon the foregoing, the Court recommends that the motion for temporary restraining order (Doc. 23) and the letter seeking an order allowing Mr. Denkins to be treated at an outside medical facility (Doc. 34) be denied.  Further, the Court recommends that the motion for summary judgment (Doc. 30) be granted.  The motion for discovery (Doc. 27) is denied, and the motion to strike is granted (Doc. 32).  Further, the motion to stay the summary judgment deadline pending resolution of the instant motion for summary judgment filed by Officer Avery, Officer Toops, and Officer Weaver (Doc. 33) is denied without prejudice to those defendants' ability to seek leave to file a motion for summary judgment after the Court-imposed deadline if the Court declines to adopt this report and recommendation.

## VI. Procedure on Objections

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the

right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge