13-58**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ABRAHAM DENKINS,** | : | |
| | : | Case No. 2:13-CV-00584 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| **GARY MOHR,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's **Report and Recommendation** (Doc. 21) recommending that the Court grant Defendants Rod Johnson and Gary Mohr's Motion to Dismiss (Doc. 16), as well as the Magistrate Judge's **Report and Recommendation** (Doc. 35) recommending that the Court deny Pro Se Plaintiff Abraham Denkins' Motion for a Temporary Restraining Order (Doc. 23) and request to be treated at an outside medical facility (Doc. 34), and that the Court grant Defendants Officers Avery, Toops, and Weaver's Motion for Summary Judgment (Doc. 30).

For the reasons stated herein, the Court hereby **ADOPTS** the **Reports and Recommendations** (Doc. 21, Doc. 35), **GRANTS** Defendants' Motion to Dismiss (Doc. 16) and Motion for Summary Judgment (Doc. 30), and **DISMISSES** the case.

### I. BACKGROUND

Plaintiff is a state prisoner currently incarcerated at the Madison Correctional Institution ("MaCI"). Plaintiff commenced this action on June 19, 2013, alleging various constitutional violations under 42 U.S.C. § 1983, arising from a use-of-force incident on November 17, 2012. Defendants are three MaCI corrections officers who were involved in the incident, as well as

Rod Johnson, MaCI Warden, and Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC").

Plaintiff filed his Complaint on August 13, 2013 (Doc. 9). The Officer Defendants answered on September 16, 2013 (Doc. 15), while Defendants Johnson and Mohr moved to dismiss for failure to state a claim (Doc. 16). Plaintiff did not respond to the Motion to Dismiss, and on February 28, 2014, the Magistrate Judge issued his first Report and Recommendation ("R&R") (Doc. 21), recommending that the Court grant the Motion and dismiss these two Defendants. Plaintiff now objects to this recommendation (Doc. 21).

Subsequently, Plaintiff filed several other motions currently before the Court, including his Motion for Temporary Restraining Order (Doc. 23), Motion for Discovery (Doc. 27), and his letter requesting that he be treated by an outside medical facility (Doc. 34). The Officer Defendants moved for summary judgment on March 21, 2014 (Doc. 30). In his second Order and Report and Recommendation (Doc. 35), also *sub judice*, the Magistrate Judge denied the Motion for Discovery and request for medical treatment, and recommended that the Court grant Defendants' Motion for Summary Judgment. Plaintiff has not objected to this R&R.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1).

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007)). "Although a complaint need not contain 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). Allegations in a pro se complaint are construed liberally, *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir.) *cert. denied*, 134 S. Ct. 149 (2013), but even "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### III.  LAW & ANALYSIS

Defendants Johnson and Mohr move to dismiss Plaintiff's claims as to them on the grounds that Plaintiff has failed to make any specific allegations against them. (Doc. 16 at 2). Johnson and Mohr's names appear only in the caption of the Complaint (Doc. 9 at 1) and in the list of Defendants in the action (*id.* at 2). Plaintiff otherwise fails to include any factual allegations against these Defendants. (Doc. 16 at 2). Defendants add that, to the extent their alleged liability flows from their role as supervisors, a *respondeat superior* theory cannot be used to impute liability in § 1983 actions. (*Id.*).

In his R&R, the Magistrate Judge concluded that Plaintiff's claims against Johnson and Mohr should be dismissed. The Report and Recommendation first found that Defendants are correct that the scant references to them in the Complaint are insufficient to plead a claim against them. (Doc. 21 at 3-4). "[M]erely naming a person as a defendant without alleging how the named defendant was involved in any constitutional violation," the Magistrate Judge explained, renders even a pro se complaint "subject to dismissal." (*Id.* at 3).

The R&R further agreed that, "to the extent Mr. Denkins' complaint should be construed as relying on the theory of *respondeat superior* as a basis for liability, the claims against [Defendants] still are subject to dismissal." (*Id.* at 4). The Magistrate Judge reasoned that "[a]llegations of direct involvement in constitutional deprivations" are necessary to hold a

3

defendant liable under § 1983, and thus the Complaint must "affirmatively plead[] the personal involvement of a defendant" in order to survive a motion to dismiss. (*Id.*). Accordingly, the R&R recommends that Defendants' Motion be granted, and the claims against those Defendants be dismissed. (*Id.* at 5).

Plaintiff objects. (Doc. 24). He argues, without naming any Defendants specifically but presumably referring to the Defendant Officers, that the "named officials" in fact "did abuse their discretion and official capacity by physically beating the plaintiff." (*Id.* at 1). With respect to Johnson and Mohr, Plaintiff reasserts that they are "responsible for the enforcement of all polices, rules and regulations designed by the ODRC." (*Id.* at 3). Plaintiff cites Johnson and Mohr's alleged "long history of siding with their officers" and "disregard[ing] helpful evidence if it's going to point out officers' wrong-doing." (*Id.* at 4). He concludes that he has sufficiently pleaded that his clearly established constitutional rights have been violated, and that Defendants' Motion to Dismiss should thus be denied. (*Id.* at 5).

Upon independent review of the pleadings and arguments, the Court concludes that the Magistrate Judge properly found that Defendants' Motion should be granted. First, Plaintiff's Complaint fails as to Johnson and Mohr because it offers no allegations of specific acts or omissions by these individuals. A complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Indeed, where a complaint "alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). In short, "[m]erely listing names in the caption of the complaint and

4

alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)

Furthermore, even to the extent that Plaintiff's Complaint, and his Objection to the R&R, imply that Johnson and Mohr are liable for the alleged assault on Plaintiff on account of their position of supervision and authority, he has still failed to state a claim. In order to establish liability pursuant to § 1983, "the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury." *Mills v. City of Barbourville*, 389 F.3d 568, 580 (6th Cir. 2004) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). At a minimum, Plaintiff "must demonstrate that a supervisory official condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct." *Id.* Plaintiff's Complaint falls short of this requirement.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 21). Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**.

### IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

With regard to the Officer Defendants' Motion for Summary Judgment, the Magistrate Judge recommended, on July 31, 2014, that the Court grant the motion. The Magistrate Judge reasoned that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, because he did not appeal his informal complaints through the second and third steps of the administrative grievance procedure. (Doc. 35 at 4-5).

Plaintiff was specifically advised of his right to object, and of the consequences of his failure to do so. (*Id.* at 7-8). Defendant acknowledged service of the Report and Recommendation on August 4, 2014. (Doc. 36). Nevertheless, no objection has been filed, and the deadline for such objections has elapsed. Accordingly, the Court **ADOPTS** the Magistrate

Judge's Report and Recommendation (Doc. 35).  Defendants' Motion for Summary Judgment (Doc. 30) is **GRANTED**.

## V.     CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the **Reports and Recommendations**. (Doc. 21; Doc. 35).  Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**.  Defendants' Motion for Summary Judgment (Doc. 30) is **GRANTED**.  Plaintiffs' Motion for a Temporary Restraining Order (Doc. 23) and request for outside medical treatment (Doc. 34) are **DENIED.**

This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                             s/ Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED:  August 29, 2014**