IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABRAHAM DENKINS, : | |
| : | Case No. 2:13-CV-00584 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| GARY MOHR, *et al.*, : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 41), requesting that this Court reconsider its August 29, 2014 Opinion and Order (Doc. 39) adopting:

(1) The Magistrate Judge's February 28, 2014 Report and Recommendation (Doc. 21) recommending that the Court grant Defendants Rod Johnson and Gary Mohr's Motion to Dismiss (Doc. 16); and

(2) The Magistrate Judge's July 31, 2014 Report and Recommendation (Doc. 35) recommending that the Court grant Defendants Officers Avery, Toops, and Weaver's Motion for Summary Judgment (Doc. 30).

For the reasons stated herein, Plaintiff's Motion for Reconsideration (Doc. 41) is **DENIED**.

### I.   BACKGROUND

Plaintiff is a state prisoner currently incarcerated at the Madison Correctional Institution ("MaCI"). Plaintiff commenced this action on June 19, 2013, alleging various constitutional violations under 42 U.S.C. § 1983, arising from a use-of-force incident on November 17, 2012. Defendants are three MaCI corrections officers who were involved in the incident, as well as Rod Johnson, MaCI Warden, and Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC").

Plaintiff filed his Complaint on August 13, 2013 (Doc. 9). The Officer Defendants answered on September 16, 2013 (Doc. 15), while Defendants Johnson and Mohr moved to dismiss for failure to state a claim (Doc. 16). Plaintiff did not respond to the Motion to Dismiss, and on February 28, 2014, the Magistrate Judge issued his first Report and Recommendation ("R&R") (Doc. 21), recommending that the Court grant the Motion and dismiss these two Defendants. The Officer Defendants moved for summary judgment on March 21, 2014 (Doc. 30). In his second Order and Report and Recommendation (Doc. 35), the Magistrate Judge recommended that the Court grant Defendants' Motion for Summary Judgment.

On August 29, 2014, this Court issued an Opinion and Order (Doc. 39) adopting both of the Magistrate Judge's Reports and Recommendations (Doc. 21, Doc. 35). Thus, both Defendants' Motion to Dismiss (Doc. 16) and Defendants' Motion for Summary Judgment (Doc. 30) were granted and the case was dismissed. (Doc. 39 at 5-6).

Plaintiff filed a Motion for Reconsideration on September 9, 2014, requesting that this Court "reconsider the motion on Doc. 30" and asking the Court to deny the Defendants' motion to dismiss "for failure to comply." (Doc. 41 at 1). On September 26, 2014, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit (Doc. 44).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration."[1] In the Sixth Circuit, however, a timely motion so styled arguably may be "pursued either under Rule 59(e)-motion to alter or amend-or under Rule 60(b)-relief from judgment or order." *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983) (footnotes omitted); *see also, Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268

---

[1] Plaintiff's motion, styled as a "Motion for Reconsideration," (Doc. 41), does not state expressly the statute or civil rule he relies on.

(6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory 10–day period,[2] it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)); *Evans v. Cordray*, No. 2:09-CV-587, 2012 WL 3309642, at *1 (S.D. Ohio Aug. 13, 2012) (noting that, in the Sixth Circuit, a motion styled as a "Request for Reconsideration" that does not cite a statute or civil rule may be pursued under Rule 59(e) or Rule 60(b)).

### A. Rule 59(e)

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). A judgment may also be altered or amended when necessary "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e), however, is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engle*r, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (quotation omitted). Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).

---

[2] The applicable mandatory filing-time provision of Rule 59(e) has since been extended to 28 days, by amendment of the rule.

The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Significantly, "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959-60 (6th Cir. 2004).

### B.  Rule 60(b)

Rule 60(b) sets out six reasons for which the Court is authorized to grant relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). Most grounds for relief under Rule 60(b) "relate to, if not require, new information about the case that could not reasonably have been discovered earlier." *GenCorp. Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007); *see also Abrahamsen v. Trans–State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir. 1996); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–46 (6th Cir. 1983). The "public policy favoring finality of judgments" generally limits the availability of relief under the rule. *See Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). This is "especially true" for Rule 60(b)(6), "which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co. v. Trustees of UMWA*

*Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also GenCorp. Inc.*, 477 F.3d at 372.[3]

### III. LAW & ANALYSIS

Plaintiff's principal argument for reconsideration appears to be that, during the time he was preparing filings for this legal claim, he was placed in "the hole" in retaliation for filing a claim. (Doc. 41 at 1-2). Upon his release from "the hole," he claims pertinent legal documentation was "missing." (*Id*.). He insists that, prior to being placed in segregation, he had completed and sent all of the "proper paper work." (*Id*.). Defendants respond that Plaintiff is not entitled to reconsideration under Rule 59(e) because "did not present any arguments that could not have been [previously] offered" and he did not show "that reconsideration of the Court's Order is necessary to correct any manifest errors of law or fact. (Doc. 42 at 3). Similarly, Defendants contend that Plaintiff is not entitled to relief from the Court's Order under Rule 60(b) because "Plaintiff has not met his burden of demonstrating entitlement to relief" under any subsection of Rule 60(b). (*Id*. at 4).

As Defendants correctly identify, Plaintiff's arguments are neither grounds for reconsideration under Rule 59(e), nor grounds entitling to him relief from judgment under Rule 60(b). Plaintiff does not claim either the existence of newly discovered evidence or an intervening change in controlling law. Neither has he demonstrated to this Court that its ruling is the product of a clear error of law or that it results in a manifest injustice.[4] Instead, Plaintiff's

---

[3] Indeed, subsection (b)(6) should be applied "only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Ford Motor Co. v. Mustangs Unlimited. Inc.*, 487 F.3d 465, 468–69 (6th Cir.2007) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "The 'something more' ... must include unusual and extreme situations where principles of equity mandate relief." *Id*.

[4] While Plaintiff indicates his belief that he was placed in segregation and, ultimately, unable to complete his grievance procedure as retaliation for filing this action, he does not provide any support for such an allegation in his motion or identify any such evidentiary support on the record. (Doc. 41 at 1). Such a general allegation is insufficient to demonstrate that manifest injustice will result from the Court's prior Opinion and Order or to otherwise warrant reconsideration.

motion seems to seek complete reversal of the Court's Opinion and Order. The proper place for Plaintiff to make such a challenge now is on appeal.

Plaintiff's motion also does not meet his burden of demonstrating his entitlement to relief for any of the limited reasons set forth in Rule 60(b)(1)-(5), nor does he articulate any "exceptional or extraordinary circumstances" required to warrant invoking the catch-all provision of Rule 60(b)(6). *Blue Diamond Coal Co.*, 249 F.3d at 524 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also GenCorp. Inc.*, 477 F.3d at 372. Unsupported allegations that Plaintiff was placed in segregation because he filed this action and that, as a result, he was unable to complete the proper paperwork for the relevant legal proceedings is insufficient to entitle Plaintiff to relief from judgment under Rule 60(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 41) is **DENIED**. The Clerk is directed to advise the United States Court of Appeals for the Sixth Circuit of this entry.

**IT IS SO ORDERED.**

                                                   s/ Algenon L. Marbley
                                                   **ALGENON L. MARBLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

**DATED: January 15, 2015**